**Jeffrey A. PATE, Plaintiff–Appellant,**

v.

**Martin GARCIA, Defendant–Appellee.**

No. 08–17228.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed March 9, 2010.

Jeffrey A. Pate, Ione, CA, pro se.

Thomas A. Cregger, Esquire, Wendy Motooka, Esquire, Randolph Cregger & Chalfant LLP, Sacramento, CA, for Defendant–Appellee.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

MEMORANDUM **

California state prisoner Jeffrey A. Pate appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his safety while he was a pretrial detainee at the Sacramento County Main Jail. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004). We affirm.

The district court properly granted summary judgment because the uncontroverted evidence showed that Garcia had no control over Pate's placement in the housing unit in which Pate was attacked, nor was there evidence that Garcia knew of the risk to Pate's safety before the attack. *See Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. . . ."); *Leer v. Murphy,* 844 F.2d 628, 633 (9th Cir.1988) (providing that an official can be liable under § 1983 only " 'if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation' " at hand (citation omitted)).

Pate's remaining contentions are unpersuasive.

All pending motions are denied.

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

